**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MAURINO ANTONIO ORTEGA GARCIA,

Petitioner,

v. No. 1:26-cv-03765-MLG-GBW

DEDOS, et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on pro se Petitioner Maurino Antonio Ortega Garcia's Petition for Writ of Habeas Corpus ("Petition"), filed November 6, 2026. *See* Doc. 1. Ortega Garcia challenges his continued detention without a bond hearing and seeks his immediate release or an individualized bond hearing. Doc. 1 at 10-11. Federal Respondents[1] do not contest that Ortega Garcia's detention is governed by 8 U.S.C. Section 1226(a) and that Ortega Garcia has not received a bond hearing. Doc. 8 at 1.

Accordingly, because there is no indication that Ortega Garcia is being held pursuant to 8 U.S.C. § 1226(c), the Court concludes § 1226(a) governs his detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"); *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than the Warden of the Cibola County Correctional Center.

1287 (D.N.M. 2025). Ortega Garcia's detention constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See, e.g.*, *Cortez-Gonzalez*, 811 F. Supp. 3d at 1298 (holding that a petitioner's "continued detention without [an individualized bond hearing] constitutes an ongoing violation of [their] right to due process").

In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *Sosa v. De Azbarra*, No. 1:26-cv-01167, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [the petitioner] has been taken into custody [and erroneously detained under a mandatory detention provision], cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than forty-eight hours from this Order's filing) Ortega Garcia from custody.
2. Upon Ortega Garcia's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained, and provide him with
3. Upon Ortega Garcia's release, Respondents must also provide him with documentation sufficient to allow him to travel, along with a copy of this Order.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA